# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNAMALAI ANNAMALAI, #56820-379, | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | ) Case No. 19-cv-00064-SMY<br>) |
| WILLIAM TRUE, | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Annamalai Annamalai, an inmate who is currently incarcerated at the United States Penitentiary in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence in *Unites States v. Annamalai, et al.,* No. 1:13-cr-00437-TCB-CMS (N.D. Ga. 2015). Petitioner asserts that he is being held in violation of the Constitution and laws of the United States, but insists he is not challenging the validity of his conviction or sentence. (Doc. 4).

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

### BACKGROUND

After a two-week jury trial, Annamalai was convicted on 34 counts of 10 different federal offenses, including conspiracy to commit bank fraud, bank fraud, tax fraud, conspiracy to commit bankruptcy fraud, bankruptcy fraud, money laundering, perjury, perjury in a bankruptcy proceeding, obstruction of justice, and conspiracy to harbor a fugitive. *See United States v. Annamalai, et al.*, 1:13-cr-437-TCB-CMS (Doc. 207, August 25, 2015). He was sentenced to 327 months in federal prison. *Id.*, Doc. 355. His direct appeal to the Eleventh Circuit is pending. *See United States v. Annamalai*, 15-11854 (11th Cir.).

Annamalai contends he is illegally confined in USP-Marion. His argument is based on Requests for Admission ("RFAs") allegedly filed in several federal cases and the state equivalent of RFAs in several Indiana and Illinois state cases. Specifically, he appears to have issued RFAs to the prosecuting attorneys from his criminal case, the Attorney General of the United States and other officials seeking "admissions" that he is being held in custody illegally, that the recipient will take steps to ensure he is released from custody, and that his "immigration benefits" be reinstated, etc. Based on the exhibits filed, no responses were received to the RFAs. Annamalai therefore urges the Court to consider these admissions and to order that he be immediately released from custody and his record expunged.

## DISCUSSION

As an initial matter, Annamalai blatantly mischaracterizes his claims. Despite his repeated insistence that he is not challenging the validity of his conviction, that is precisely what he is attempting to do by asking the Court to accept "admissions" that his conviction was wrongly obtained. For example, one of the RFAs asks the US Attorney for the Northern District of Georgia to admit that Annamalai "is an innocent Hindu High priest, man of honor, and did not commit any of the crimes as shown in the indictment(s) in the criminal action no 1:13-cr-437-TCB-CMS, and

his conviction was secured with false pretenses and in violation of suppressing several exculpatory materials favorable to Mr. Annamalai Annamalai (defendant) [*sic*]." (Doc. 4, p. 10). Annamalai then asks the US Attorney to "admit" that he will not be prosecuted again for those crimes. *Id.,* p. 11. Similarly, an Assistant US Attorney in the Northern District of Georgia was asked to "[a]dmit that [] Annamalai Annamalai and [P]avarthi Sivanadiyaan "DID NOT" commit any crimes at all, and they were falsely indicted and convicted by the Plaintiff (UNITED STA[T]ES OF AMERICA) in the case no(s) 1:13-cr-00437-TCB-CMS and 1:14-cr-391-TCB respectively, with false evidences, and via perjured testimony, to deprive the life, liberty and properties belonging to Annamalai and Sivanadiyan." *Id.*, p. 31. These are obviously challenges to the legality of Annamalai's convictions, not to the execution of his sentence or the conditions of his confinement. The fact that Annamalai has couched it in the form of purported admissions by prosecuting attorneys and officials does not change the nature of the claim.[1]

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge his conviction and sentence— specifically, Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." A procedure for postconviction relief "can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity

---

[1] The Court chooses not to address the general unavailability of Requests for Admissions in criminal cases, or the fact that RFAs issued in civil cases may generally not be construed as admissions for any other purpose under FED. R. CIV. P. 36.

for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

In order to trigger the savings clause, a petitioner must meet three conditions: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012). The Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels,* 784 F.3d 1123, 1136 (7th Cir. 2015).

Annamalai satisfies none of these requirements. He does not rely on new statutory interpretation. While it appears he is alleging fundamental defects in his conviction, he fails to explain how a Section 2255 proceeding would be "inadequate and ineffective." His Petition challenges the validity of his conviction and sentence for which is imprisoned, which could be raised in a Section 2255 proceeding in the sentencing court (Northern District of Georgia). As such, Annamalai's Petition does not satisfy the savings clause, and Section 2241 is not the proper vehicle for review of his conviction and sentence. Accordingly, the Petition will be dismissed.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED** without prejudice to bringing his claims in the proper court in a Section 2255 filing. All pending motions are **DENIED as moot**.

If Annamalai wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Annamalai plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Annamalai will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Annamalai to obtain a certificate of appealability. *Lindstrom v. Graber,* 203 F.3d 470, 473 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: September 25, 2019**

s/ STACI M. YANDLE
**United States District Judge**