IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNAMALAI ANNAMALAI, #56820-379, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) )   Case No. 19-cv-00064-SMY |
| WILLIAM TRUE, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Annamalai Annamalai filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence in *Unites States v. Annamalai, et al.,* No. 1:13-cr-00437-TCB-CMS (N.D. Ga.) ("Criminal Case"). The Petition was dismissed on preliminary review. (Doc. 9). Petitioner then filed the Motion for Reconsideration and or in an Alternative a Motion to Vacate, Alter and or Amend the Final Order presently before the Court. (Doc. 10). For the following reasons, the Motion is **DENIED**.

While the Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider, such motions are routinely filed and generally construed as Motions to Alter or Amend an Order or Judgment under Fed. R. Civ. P. 59(e). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Petitioner's motion was filed within 28 days of the entry of judgment and is therefore construed as filed under Rule 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). However,

1

"[r]econsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Petitioner was convicted by a jury in the Northern District of Georgia on 34 counts involving 10 different federal offenses, including conspiracy to commit bank fraud, bank fraud, tax fraud, conspiracy to commit bankruptcy fraud, bankruptcy fraud, money laundering, perjury, perjury in a bankruptcy proceeding, obstruction of justice, and conspiracy to harbor a fugitive. *See United States v. Annamalai, et al.*, 1:13-cr-437-TCB-CMS (Criminal Case, Doc. 207). He was sentenced to 327 months in federal prison. (Criminal Case, Doc. 355).

At the time Petitioner filed his Petition in this case, his direct appeal was pending. The Eleventh Circuit Court of Appeals subsequently reversed his convictions on conspiracy to commit bankruptcy fraud (Count 10); bankruptcy fraud (Counts 11–20); money laundering (Counts 21–30); and conspiracy to harbor a fugitive (Count 34). His convictions on conspiracy to commit bank fraud (Count 1); bank fraud (Counts 2–8); filing a false federal income tax return (Count 9); making a false statement in writing (Count 31); obstruction of justice (Count 32); and making false statements under oath in a bankruptcy proceeding (Count 33) were affirmed. The case was remanded for resentencing and recalculation of the loss amount on the affirmed fraud convictions. *United States v. Annamalai*, 939 F.3d 1216 (11th Cir. 2019). He is currently awaiting resentencing.

In his § 2241 Petition, Petitioner argued that he is illegally confined in USP-Marion based on Requests for Admission ("RFAs") allegedly filed in several federal actions and the state equivalent of RFAs filed in several Indiana and Illinois state actions. The RFAs asked various federal officials to admit, among other assertions, that Annamalai did not commit any crimes and was being detained without legal justification in the Bureau of Prisons. In a Memorandum filed in this action (Doc. 7), he stated that he intends to rely only on the RFAs filed in the state court

actions.

Petitioner now argues that this Court erred in dismissing his Petition because it overlooked his Memorandum abandoning reliance on the RFAs filed in the federal actions and that the state court RFAs are entitled to "full faith and credit" under the U. S. Constitution. He further contends that he could not bring his arguments in a motion under 28 U.S.C. § 2255 because his direct appeal was still pending when he filed his § 2241 Petition. Plaintiff's arguments do not address the reason his Petition was dismissed – he does not meet the *Davenport* conditions required to bring a § 2241 Petition.

As the Court explained, Petitioner's claims do not rely on a new case of statutory interpretation and no "structural problem" with § 2255 prevents him from bringing his arguments in a motion under § 2255 in the district of conviction. (Doc. 9, p. 4). The fact he was unable to file a § 2255 motion at the time he filed the present Petition because it would have been premature is not a structural problem – it is an essential feature of the system. A § 2241 petition is not a substitute for an appeal and is available to challenge a conviction or sentence only when a § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir.2008). "Inadequate or ineffective" means that "a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Hill v. Werlinger*, 695 F.3d 644, 647–48 (7th Cir. 2012) (citation omitted). Petitioner's arguments can be presented under § 2255 when such a motion is ripe and he has not demonstrated that the Court committed a manifest error of law or fact in dismissing his Petition.

## Disposition

The Motion for Reconsideration and or in an Alternative a Motion to Vacate, Alter and or Amend the Final Order (Doc. 10) is **DENIED.**

If Petitioner wishes to appeal this Order, he must file a notice of appeal with this Court within the time allotted in FED. R. APP. P. 4(a)(1)(A).  Petitioner must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis* if he chooses to file one. *See* FED. R. APP. P. 24(a)(1)(C).  If Petitioner chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.

**IT IS SO ORDERED.**

**DATED:  September 24, 2019**

s/ STACI M. YANDLE
**United States District Judge**
